**Charles A. TROBAUGH, Petitioner–Appellant,**

v.

**Suzanne HASTINGS, Respondent–Appellee.**

No. 04–3061.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 12, 2004.*

Decided Jan. 14, 2005.

Charles Trobaugh, Cedar Rapids, MI, for Petitioner–Appellant.

Bradley W. Murphy, Peoria, IL, for Respondent–Appellee.

Before COFFEY, ROVNER, and SYKES, Circuit Judges.

### ORDER

While incarcerated in a federal prison, Charles Trobaugh petitioned for a writ of habeas corpus under 28 U.S.C. § 2241, arguing that the Bureau of Prisons ("BOP") miscalculated his good-time credit under 18 U.S.C. § 3624(b). Trobaugh based his petition on a recent district court decision, *White v. Scibana,* 314 F.Supp.2d 834 (W.D.Wis.2004). In that case the district court granted habeas corpus relief on the ground that the BOP had miscalculated the petitioner's good-time credit under § 3624(b); according to the court, § 3624(b) unambiguously directs the BOP to calculate good-time credit based on the term of imprisonment imposed, not the actual time served. The court thus ordered the petitioner's good-time credit re-

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

calculated and applied to his prison term, and Trobaugh sought the same relief. The district court in this case, however, denied Trobaugh's petition.

Trobaugh timely appealed, but after filing his appeal he fully discharged his sentence and was released from custody. Accordingly, we lack jurisdiction over this appeal because there no longer exists a live case or controversy. *See A.M. v. Butler,* 360 F.3d 787, 790 (7th Cir.2004). Here Trobaugh's completed sentence renders his claim about good-time credit moot; the amount of time he spent in prison cannot now be undone. *See Spencer v. Kemna,* 523 U.S. 1, 8, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998).

DISMISSED.